PERRY v. SMITH et al. (No. 719.)

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1917. Rehearing Denied Dec. 6, 1917.)

DEEDS ☞156 — CONDITIONAL GRANTS — RIGHTS OF PARTIES—SUBSEQUENT PURCHASERS.

A deed conveying land to be used for gin and mill purposes, the grantee to erect the gin within a certain time, and if the mill were not erected or operated within such time the land to revert to the grantor, invested the grantee with an estate upon condition subsequent, the right of forfeiture of which was personal to the immediate grantor, so that, when the condition was not fulfilled, and the grantor deeded the land to another person, such person had no cause of action.

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by L. H. Perry against Sidney Smith and others. From the judgment rendered, Perry appeals. Affirmed.

---

W. W. Moores, of Stephenville, for appellant. J. A. Johnson, J. B. Keith, and P. L. Pittman, all Stephenville, for appellees.

### Statement of Case.

HARPER, C. J. November, 1912, S. N. Keith and wife executed and delivered to Sidney Smith the following deed:

"Know all men by these presents: That we, S. N. Keith and wife, Myrilla Keith, of the county of Erath and state of Texas, for and in consideration of the sum of ten dollars as follows: Cash—have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said Sidney Smith, of the county of Erath, state of Texas, all that certain lot and tract of land, to wit, 3 acres out of the W. A. Cole survey of land in Erath county, Tex., described by metes and bounds as follows: * * *

"Subject, however, to the following agreements and conditions: Two acres of said land is to be used by me, grantee, for a gin and mill purposes only, and I am to erect a gin and mill building; gin of 4-stand capacity and mill for grinding corn and chops, etc., and I, grantee, agree to dig on said lot a well going to sheet water and to erect a tank above ground and to give to the said Keith a permanent water connection and right, for all home purposes for all time to come, the said Keith to furnish his own pipe and connections. I, grantee, agree to begin erection of gin and mill on said land by December 2, 1912, and to have same ready for operation by August 15, 1913, on the remaining one acre of said land I am to use for resident and garden purposes only none of the land herein conveyed is to be used or sold for the purposes of village lots for store or residence purposes. If from any cause the gin and mill is not erected or ceases operation on said premises the 2 acres of land hereby conveyed and the well thereon is to revert to the said Keith and his heirs, grantee agrees to keep water in tank whether gin is running or not the year around sufficient for household purposes.

"To have and to hold the above-described premises together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Sidney Smith, heirs and assigns, forever, and we do hereby bind ourselves and our heirs, executors, and administrators to warrant and forever defend all and singular the premises unto the said Sidney Smith, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The conditions were not complied with.

January, 1913, Higginbotham Company made a contract with Smith to furnish material for the construction of the said improvements, and fixed its materialman's lien thereon.

In May, 1914, Smith and wife conveyed the land and improvements to Higginbotham Company in consideration for the debt due from them for the material furnished. Thereafter said company sold the premises to Holt.

April 1, 1915, Keith and wife conveyed the land to plaintiff Perry by the following deed:

"That whereas, by deed dated November 8, 1912, and recorded in Book 122, page 594, of Erath County Deed Records, S. N. Keith and wife, Myrilla Keith, conveyed to Sidney Smith three acres of land out of the W. A. Cole survey in Erath county, Tex., subject to certain conditions therein named and mentioned, which conditions, if not fulfilled, shall make said land revert back to the said S. N. Keith, or his assigns: Therefore we, S. N. Keith and wife, Myrilla Keith, of the county of Erath and state of Texas, for and in consideration of the sum of ten dollars paid by L. H. Perry, the receipt of which is hereby acknowledged, and that further, we having sold the adjoining land owned by us to the said L. H. Perry, and we intending by this instrument to vest in the said L. H. Perry all rights reserved by us to said land and the benefits to be derived from same, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said L. H. Perry, of the county of Erath and state of Texas, all our right, title, interest, and claim in and to said three acres of land above mentioned and described, together with all the right, uses, benefits, and title to said land that we now have, as well as that may hereafter accrue to us by virtue of the stipulations mentioned and set out in the deed above mentioned, together with all interest in said well and said land and said water rights, fully mentioned and described in said deed, to which deed and the record thereof reference is hereby made for all purposes."

L. H. Perry brought this suit to recover the three acres of land upon the theory that he, by the deed from Keith and wife to him, had succeeded to the rights of Keith to recover the lands because of the breach of the conditions in the deed from Keith to Smith.

Higginbotham Company answered by general denial, plea of not guilty, and by cross-action that January 24, 1913, it by contract furnished said Smith material and machinery to erect a dwelling, gin, etc., and that by said written contract fixed its lien upon the premises; that in May, 1914, it purchased the land and improvements from Smith, and as a consideration gave the debt owing to it by Smith; that it has a valid, subsisting, and unpaid materialman's lien upon the land and improvements; that the deed from Keith to Smith contemplated and it was understood in connection therewith that Smith would place the materialman's lien upon the land and the improvements to be placed thereon; that Keith had full knowledge of the lien consented thereto, and by his acts and conduct ratified the agreement to furnish the material; therefore is estopped to contest the lien to the extent of the value of the material furnished as also is his vendee plaintiff, Perry, and prays that its lien be foreclosed as to all parties.

Tried by court without a jury. Cause dismissed as to Holt without prejudice. Judgment was entered for Higginbotham Company, foreclosing its lien, with a finding that the debt amounts to $1,169.23; that plaintiff Perry take nothing.

### Opinion.

The stipulations in the deed from Keith to Smith have the legal effect of investing Smith with an estate upon condition subsequent and nobody can take advantage of it but the immediate grantor, Keith. Diamond v. Rotan, 58 Tex. Civ. App. 263, 124 S. W. 196.

This deed conveys a fee-simple title to be defeated by the failure to comply with the conditions. This right to forfeit this class of

estate is personal to the immediate grantor, and cannot be taken advantage of by another person. Therefore Perry, Keith's subsequent vendee, has no cause of action.

Finding no error in the record, the cause is affirmed.

WALTHALL, J., not sitting, absent on committee of judges assisting the Supreme Court.